IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TEXTRON FINANCIAL CORPORATION,

                                Plaintiff,

v.

ZENY KUC, INC., ZENY KUC and SHERRY KUC,

                                Defendants.

ORDER

09-cv-195-slc

      Plaintiff Textron Financial Corporation is suing defendants Zeny Kuc, Inc., Zeny Kuc and Sherry Kuc for selling collateral that defendants had used to obtain financing from plaintiff. Plaintiff asserts claims for breach of contract, conversion, intentional misrepresentation and breach of guaranty. On October 30, 2009, plaintiff moved for summary judgment on the breach of contract and breach of guaranty claims, dkt. 18, but defendants failed to file a response to it.

      On December 1, 2009, plaintiff moved for entry of final judgment on its breach of contract and breach of guaranty claims in the amount of $162,186.25. It also moved to voluntarily dismiss the conversion and misrepresentation claims. Dkt. 23. In its motion, plaintiff says that it "has confirmed with counsel for Defendants that Defendants do not intend to file an opposition to the motion" for partial summary judgment and that it is willing to dismiss the other claims in order "to conclude this matter." *Id.* at 1-2.

      The court is fine with this in theory but we have a jurisdictional hiccup under 28 U.S.C. § 1332 due to plaintiff's imprecise word choices. In its proposed findings of fact, plaintiff says that it is "a Delaware corporation with an office at 11575 Great Oaks Way, Ste., Alpharetta, Georgia," that defendant Zeny Kuc, Inc.'s state of incorporation and principal place of business is Wisconsin, and that the remaining two defendants are "Wisconsin resident[s]." Dkt. 19,¶¶

1-4. Plaintiff cites the complaint and answer for these facts, which use the same language. Plaintiff's failure to use the words talismanic to diversity jurisdiction leads to two problems.

First, plaintiff has not adequately identified the location of its "principal place of business." A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 740-43 (7th Cir. 2004). Although plaintiff's office in Georgia might also be its principle place of business, plaintiff has to say so. *Illinois Bell Telephone Co., Inc. v. Global NAPs Illinois, Inc.*, 551 F.3d 587, 590 (7th Cir. 2008) (corporation is not citizen of state simply because one facility is there).

Second, plaintiff fails to identify adequately the *citizenship* of defendants Zeny Kuc or Sherry Kuc. An individual's citizenship is determined not by his "residency," but by his domicile, which is where he intends to live for the foreseeable future. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). *See also Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008) (discussing various factors that may influence domicile determination).

While these distinctions might seem punctilious, the Court of Appeals for the Seventh Circuit firmly disagrees. *See, e.g.,Craig,* 543 F.3d at 876 *("*They claim to be 'residents' of Arizona-an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges*."); Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir. 2007) (criticizing plaintiff because "the amended complaint only alleged the residence of two of the accounting firm's members without stating the citizenship of each of the accounting firm's members"); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of

diversity jurisdiction."); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). The court of appeals has repeatedly chastised and sanctioned litigants for similar deficiencies while lamenting the parties' "insouciance regarding the existence of federal jurisdiction." *May Dept. Stores Co. v. Federal Insurance Co.*, 305 F.3d 597, 598 (7th Cir. 2002). *See also Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 677-78 (7th Cir .2006) (calling it "malpractice" to fail to set forth adequate jurisdictional statement); *BondPro Corp. v. Siemens Power Generation Corp.*, 466 F.3d 562 (7th Cir. 2006) (sanctioning lawyers $1000 for inadequate jurisdictional statement); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003).

Because district courts have an independent obligation to determine whether jurisdiction exists, I cannot overlook this deficiency. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). Plaintiff may have three weeks to establish the location of its principal place of business and the domiciles of the individual defendants. Because it is plaintiff's burden to prove that an exercise of jurisdiction is appropriate, *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009), failure of proof would lead to dismissal for lack of jurisdiction.

ORDER

It is ORDERED that plaintiff Textron Financial Corporation has until January 6, 2010 to show that jurisdiction exists under 28 U.S.C. § 1332.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge