IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEXTRON FINANCIAL CORPORATION,

                                    Plaintiff,                      ORDER

   v.

                                                                 09-cv-195-slc

ZENY KUC, INC., ZENY KUC and SHERRY KUC,

                                  Defendants.

---

Plaintiff Textron Financial Corporation has responded to this court's order directing it to show that diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff has clarified that its principal place of business is in Rhode Island, *see* dkt. 27(Decl. of Paula Levering, ¶ 2), and that defendants Zeny Kuc and Sherry Kuc are domiciled in Wisconsin, *see* dkt, 26 (Aff. of Freya Bown, exhs. 1-7). Accordingly, I conclude that jurisdiction is present under § 1332. This allows me to consider plaintiff's motion for summary judgment on its breach of contract and breach of guaranty claims in the amount of $162,186.25 and to voluntarily dismiss its conversion and misrepresentation claims. Dkt. 23.

Because defendants have not disputed any of plaintiff's proposed findings of fact (or filed any opposition to plaintiff's motion), I must accept plaintiff's proposed facts as true. *Procedure to Be Followed on Motions for Summary Judgment*, II.C ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."). *See also Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994); *Glass v. Dachel*, 2 F.3d 733, 739 (7th Cir. 1993); *Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565, 567 (7th Cir. 1992).

In its proposed findings of fact, plaintiff states that defendant Zeny Kuc, Inc. gave plaintiff a security interest in collateral (described in the parties' agreement only as defendant's "equipment and inventory") in exchange for financing defendant's business, that defendants Zeny Kuc and Sherry Kuc are guarantors on the loan, that defendant Zeny Kuc, Inc. sold some

of the collateral without paying plaintiff as required by the parties' agreement, that defendant Zeny Kuc, Inc. defaulted on its loan and that plaintiff "repossessed its Collateral remaining in Zeny Kuc's possession in early March 2009." Under the parties' agreement, a default means that all debts become "immediately due and payable" and that each of the defendants is liable for the "expenses of retaking, holding, preparing for sale, selling and the like," including "reasonable attorneys' fees and costs and other legal expenses." Finally, plaintiff calculates the amount due on the loan at $149,248.64 ($132,458.23 in inventory that defendants sold, $1952.34 in returned checks, $1999.34 in fees and $12,838.73 in depreciation of repossessed equipment) and its legal expenses at $12,937.61 for a total of $162,186.25. Because all of these facts are undisputed, I will grant plaintiff's motion.

## ORDER

It is ORDERED that:

(1) Plaintiff Textron Financial Corporation's motion for summary judgment with respect to its breach of contract and breach of guaranty claims and its motion to voluntarily dismiss its conversion and misrepresentation claims, dkt. 23, are GRANTED;

(2) The complaint is DISMISSED as to the conversion and misrepresentation claims; and

(3) The clerk of court is directed to enter judgment in favor of plaintiff in the amount of $162,186.25.

Entered this 29th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge